### JACOBS v. BUCKLIN.

### WELLS v. SAME.

1. CANCELLATION OF INSTRUMENTS—DEEDS—FRAUD — EVIDENCE — SUFFICIENCY.

    In a suit to set aside quitclaim deeds on the ground of fraud, evidence examined and *held*, insufficient to support the allegations of the bill.

2. SPECIFIC PERFORMANCE—LAND CONTRACTS — MINORS — RATIFICATION.

    An agreement made by minors to sell their interests in land may not be specifically enforced where they have not ratified the agreement since reaching their majority.

3. SAME—FRAUDS, STATUTE OF—PERFORMANCE.

    Where a minor had ratified, after reaching his majority, an oral agreement to sell his interest in land, and had received the consideration, the purchaser, who had fully performed and had gone into possession and made valuable improvements, is entitled to specific performance, although the agreement was void under the statute of frauds.

4. ADVERSE POSSESSION—POSSESSION UNDER AGREEMENT NOT ADVERSE.

    Possession of land for the statutory period under agreements with minors to sell their interests, which were not ratified upon reaching their majority, *held*, not adverse; claim of ownership not being indicated by such possession.

Appeals from Wayne; Smith (Guy E.), J., presiding. Submitted June 7, 1927. (Docket Nos. 9, 10.) Decided October 3, 1927. Rehearing denied December 1, 1927.

Bill by Maude Jacobs and others against Rosella Bucklin for an injunction. Defendant filed a cross-bill for specific performance.

Bill by Mary J. Wells and others against Rosella

[1]Cancellation of Instruments, 9 C. J. § 195; Deeds, 18 C. J. § 554; [2]Infants, 31 C. J. § 81; [3]Id., 31 C. J. § 81; Specific Performance, 36 Cyc. p. 657; [4]Adverse Possession, 2 C. J. §§ 214, 270.

Bucklin to set aside certain deeds on the ground of fraud. The cases were consolidated and heard as one. From a decree dismissing the cross-bill in the first case and dismissing the bill in the second case, defendant in the first case and plaintiffs in the second case appeal. Modified and affirmed.

*Bratton & Bratton,* for plaintiffs.

*Lawrence J. De Ferie,* for defendant.

McDONALD, J. There is here involved two cases which have been tried together and which will be disposed of in one opinion. The plaintiffs in both cases are brothers and sisters of the defendant. In the first case the plaintiffs, acting on the theory that they are cotenants with the defendant in the ownership of an acre of land in Dearborn township, Wayne county, Michigan, filed a bill to restrain her from removing certain buildings and trees from the land. The defendant answered and filed a cross-bill in which she prayed that the plaintiffs be required to execute deeds of their interest in the property according to an oral agreement which she had with them. On the hearing the court denied her the relief prayed for, and entered a decree dismissing her cross-bill. From this decree, the defendant has appealed.

In the second case the plaintiffs had given the defendant quitclaim deeds of their interest in the land. They filed their bill to have these deeds set aside. The court refused them this relief and dismissed their bill. From the decree entered, they have appealed.

The land over which this controversy has arisen formerly belonged to the father of these parties. It was his homestead. He died intestate in 1896. The widow and minor children continued to reside on the property until 1902, at which time they leased it and moved to Detroit. A short time thereafter the house was destroyed by fire. The property was not occupied

by any one after that time until the defendant went into possession in 1906. She was the eldest of the children. She was married and had been living in Detroit with her husband. He died and left her about $1,000 in insurance. It is her claim that knowing she had received this money her mother and her brothers and sisters wanted her to buy their interest in the property; that its value at that time did not exceed $125; that she agreed with them to buy it for that amount, and in accordance with this agreement secured quitclaim deeds from the mother and the plaintiffs in the second suit. Most of the plaintiffs in the first suit were minors. From them she received no deeds, but relies on their promise to convey. After the agreement she moved a house on the property and went into possession. She has occupied it for 20 years. She has paid the taxes and has made permanent improvements amounting to $2,000 or $2,500. The property has greatly increased in value and is now claimed to be worth $10,000, which fact probably accounts for this lawsuit.

The plaintiffs all deny the agreement to sell. It is their claim that defendant was allowed to take possession and make her home on the property until the minor children should become of age and it could be divided or sold; and that all of this time she has been holding it in trust for them.

All of the plaintiffs in the second case signed quitclaim deeds to the defendant. In their bill they say that these deeds should be set aside, because they were secured by false representations and were signed under a misapprehension as to their legal effect. The alleged false representations were that defendant stated she wanted the deeds as evidence that she could occupy the property until the minors became of age or until it could be divided and sold; and that she would not use the deeds for any other purpose.

The circuit judge who saw these parties and heard their testimony said that they were "intelligent people." If they were it is highly, improbable that they executed these deeds without knowing that they were passing their interests in the property to the defendant. It does not require a very high degree of intelligence to understand what a quitclaim deed means. That they knew full well what they were doing is evidenced by their attitude towards the property during the 20 years following, and by the testimony of disinterested witnesses to whom some of them said they had sold it to the defendant. The testimony is convincing that these plaintiffs had agreed to sell their interest in the property to the defendant and that they executed these deeds in pursuance of that agreement. As to the merits of their case we agree with the conclusion reached by the circuit judge. Their bill should be dismissed.

In the first case all but two of the plaintiffs were minors at the time the defendant claims the agreement to sell the property was made. We are satisfied that there was an agreement to sell to the defendant in which all of the plaintiffs joined, but we are not convinced that any of the minors except Seymour Rose ratified the contract after they became of age. On this point the weight of the testimony is against the contention of the defendant. It is true that she testifies positively that all of them renewed their promises after they had reached their majority, but it is a significant fact that none of them executed deeds though she frequently importuned them to do so. As to Seymour Rose, the defendant is supported by at least two disinterested witnesses who testified to statements made by him strongly tending to show that he had ratified the contract. For this reason Seymour Rose should be put in the same class as Charles Rose and Lee Rose, who were of age when they made the

agreement but did not execute deeds. It is true that their agreement was not in writing and therefore void under the statute. But there was full performance on the part of the defendant. She paid them the agreed consideration, went into possession pursuant to the contract and made valuable and permanent improvements on the property. She is entitled to specific performance by them.

A further contention of the defendant is that she has acquired title to the minors' interests by adverse possession for the statutory period. There is no merit to this contention. Her occupancy began in subordination to the title of the minors and as far as they were concerned it never changed. As to them her possession was not adverse and never became so. They did not know that she claimed ownership of their interests. In fact she did not. She was dickering for deeds, which, in view of the attending facts, shows that she was holding in recognition of their title. Her long period of unmolested possession is not of any great significance, because of the relationship of the parties and their friendly attitude towards each other until the defendant secured the mother's deed in 1925.

As to the following plaintiffs in the first case, Maude Jacobs, Vivian Rose, and Evalyn Rose, the defendant is not entitled to the relief prayed for in her cross-bill. As to the other plaintiffs she is entitled to specific performance.

A decree in this court will be entered in accordance with this opinion. In the first case the above named plaintiffs will have costs against the defendant. In the second case the defendant will have costs against the plaintiffs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.